UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. HENDRICKSON<br><br>Plaintiff,<br><br>vs.<br><br>RAPID CITY, PIERRE & EASTERN RAILROAD, INC.;<br><br>Defendant. | 5:22-CV-05063-LLP<br><br>ORDER ON MOTION TO QUASH PLAINTIFF'S 30(b)(6) DEPOSITION<br><br>DOCKET NO. 19 |

**INTRODUCTION**

This matter is before the court pursuant to plaintiff Michael D. Hendrickson ("Hendrickson")'s complaint against defendant the Rapid City, Pierre & Eastern Railroad, Inc. ("RCPE") to recover damages for personal injuries Mr. Hendrickson suffered during the course and scope of his employment with railroad under the Federal Employers' Liability Act (FELA). See Docket No. 1. Jurisdiction is premised on the presence of a federal question, 28 U.S.C. § 1331. Defendant now moves for a protective order and for an order quashing plaintiff's amended notice of a Rule 30(b)(6) deposition. Docket No. 19. Defendant has represented to the court that it has made a good-faith effort to resolve this dispute without the court's intervention. Docket No. 20 at p. 2. Defendant's motion was referred to this magistrate

1

judge for resolution pursuant by the Honorable Lawrence Piersol, United States District Court Judge.  Docket No. 28.

## FACTS AND PROCEDURAL HISTORY

On April 3, 2023, plaintiff, Mr. Hendrickson served RCPE with notice of his intent to depose an RCPE corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6).  Docket No. 23-1.  In response, RCPE contacted Mr. Hendrickson's counsel to state its objections to the subjects of the deposition.  Docket No. 23-2.  Defendant argued that topics 1-15 relating to RCPE's affirmative defenses were protected under the work-product doctrine (id. at p. 1), and topics 16-18 were overly burdensome and duplicative of written discovery (id. at pp. 2-4).  RPCE provided supplemental answers to Mr. Hendrickson's previously served interrogatories.  See Docket No. 23-3.  The parties met and conferred in good faith regarding the discovery dispute before defendant brought this motion to quash and for a protective order.  Docket No. 23-2.  While this motion has been pending, the parties came to an agreement on topics 1, 2, 4-5, and 8-15.  RCPE is now seeking to quash and seeking a protective order on topics 3, 6, 7, 16, 17, and 18 for the same reasons above.  Docket No. 29.

## DISCUSSION

### A.   Scope of Discovery Under Rule 26

Federal Rule of Civil Procedure 26(b)(1) sets forth the standard governing the scope of discovery in civil cases:

**(1) Scope in General.**  Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery

2

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

[T]he threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1326 (8th Cir. 1986). "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919, at *1 (D. Neb. March 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Rule 26(b)(2) requires the court to limit discovery if it determines, for example, that the discovery sought is unreasonably cumulative or duplicative, or that "the burden or expense of the proposed discovery outweighs its likely benefit." See FED. R. CIV. P. 26(b)(2)(C); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Continental Illinois Nat'l Bank & Tr. Co. of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D.

3

Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

The advisory committee note to the 2015 amendment to Rule 26(b)(1) provides guidance on how courts should weigh a defendant's claim of undue burden in a particular case:

> A party claiming undue burden or expense ordinarily has far better information -- perhaps the only information -- with respect to that part of the determination.  A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them.  The court's responsibility, using all the information provided by the parties, is to consider these and all the other factors in reaching a case-specific determination of the appropriate scope of discovery.

See FED. R. CIV. P. 26(b)(1) 2015 Amendment (advisory committee note).

"Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the Federal Rules allow for broad discovery." Hohn v. BSNF Ry. Co., 2007 WL 2572440, at *3 (D. Neb. May 10, 2007).  "The party opposing discovery has the burden to show that its objections are valid by providing explanation or factual support." Id.; see also Rubin v. Islamic Republic of Iran, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). Mr. Hendrickson has the initial burden to show how the information sought through the Rule 30(b)(6) deposition is relevant to the subject matter of his case.  The burden then shifts to RCPE to show that the information sought through the Rule 30(b)(6) deposition is not discoverable.

**B.**     **Standard Governing Requests for Protective Orders**

Federal Rule of Civil Procedure 26(c) governs the granting of a protective

order by the court, as follows:

**(c) Protective Orders.**

***In General.***  A party or any person from whom discovery is sought
may move for a protective order in the court where the action is
pending—or as an alternative on matters relating to a deposition, in
the court for the district where the deposition will be taken.  The
motion must include a certification that the movant has in good faith
conferred or attempted to confer with other affected parties in an
effort to resolve the dispute without court action.  The court may,
for good cause, issue an order to protect a party or person from
annoyance, embarrassment, oppression, or undue burden or
expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of
expenses, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by
the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of
disclosure or discovery to certain matters;

(E) designating the persons who may be present while the
discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court
order;

(G) requiring that a trade secret or other confidential research,
development, or commercial information not be revealed or be
revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified
documents or information in sealed envelopes, to be opened as the
court directs.

(2) Ordering Discovery.  If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

(3) Awarding Expenses.  Rule 37(a)(5) applies to the award of expenses.

See FED R. CIV. P. 26(c).

The trial court has significant discretion in either granting or denying a protective order.  Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).  Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party.  Id.  The movant must articulate "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  Id. (additional citation and quotation marks omitted); see also Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure.  The injury must be shown with specificity.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (additional citations and quotation marks omitted).  The court must also consider "the relative hardship to the non-moving party should the protective order be granted."  General Dynamics Corp., 481 F.2d at 1212 (additional citation omitted).

When dealing with sensitive or proprietary information, courts routinely grant protective orders that limit who may access the disclosed information and how the disclosed information may be used.  Pansy, 23 F.3d 772 at 787 (additional citation omitted).  Rule 26(c) confers "broad discretion on the

6

[district] court to decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). In this case, RCPE, as the party seeking the protective order, has the burden "to show the necessity of its issuance." See General Dynamics Corp., 481 F.2d at 1212. RCPE argues that the work-product doctrine forbids discovery of topics 3, 6, and 7, and thus should be protected. Docket No. 20, pp. 3-5.

### C.   Federal Rule of Civil Procedure 30(b)(6)

Discovery by a Rule 30(b)(6) deposition differs from discovery obtained through other means, e.g., interrogatories and requests for production. Murphy v. Kmart Corp., 255 F.R.D. 497, 506–07 (D.S.D. 2009) (citing In re Vitamins Antitrust Litigation, 216 F.R.D. 168, 174 (D.D.C. 2003) (noting the differences between discovery obtained by document submissions and discovery obtained by a Rule 30(b)(6) deposition)). "The methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3).

A Rule 30(b)(6) deposition allows the requesting party to obtain "more complete information and is, therefore favored." Great American Ins. Co. of New York v. Vegas Const. Co., Inc., 251 F.R.D. 534, 539 (D. Nev. 2008) (quoting Marker v. Union Fid. Life Ins. Co., 125 F.R.D. 121, 126 (M.D.N.C.1989)). "Producing documents and responding to written discovery is not a substitute for providing a thoroughly educated Rule 30(b)(6) deponent." Great American

7

Ins. Co. of New York, 251 F.R.D. at 541; see also Nat'l Life Ins. Co. v. Hartford Accident and Indem. Co., 615 F.2d 595, 600 n.5 (3d Cir. 1980) ("[T]here are strong reasons why a party will select to proceed by oral deposition rather than alternate means, most significantly the spontaneity of the responses.").

Federal Rule of Civil Procedure 30(b)(6) governs depositions of organizational entities and provides as follows:

> **(6) Notice or Subpoena Directed to an Organization.** In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination. A subpoena must advise a nonparty organization of its duty to confer with the serving party and to designate each person who will testify. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

See FED. R. CIV. P. 30(b)(6). Rule 30(b)(6)'s plain language does not limit the topics of deposition, only that "[t]he persons designated must testify about information known or reasonably available to the organization." Id.

In 1970, Congress substantively amended Rule 30(b)(6) to place the burden on the organizational entity to designate the appropriate representative(s) to testify on its behalf. See FED. R. CIV. P. 30(b)(6) (advisory committee note). This amendment serves three useful purposes. See id. First, it reduces the difficulties experienced by the party requesting the deposition in determining whether a particular organizational employee was a "managing

agent." Id.  Second, it curbs the "bandying" by which various organizational officers or agents, while being deposed, disclaim knowledge of facts known by some other officer or agent of the organization.  Id.; see also Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000) ("Since a corporation can only act through its employees, directors and agents, the potential thrives for an inquiring party to be bandied, from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation.").  Finally, it protects the organization by eliminating unnecessary and unproductive depositions of employees who know nothing about the topics at issue.  See FED. R. CIV. P. 30(b)(6) (advisory committee note); see also Prokosch, 193 F.R.D. at 638 ("On the other hand, a corporation should not be confronted with a seemingly endless sequence of depositions which necessarily interfere with the capacity of its officers and employees to properly discharge their employment duties, and which impose substantial financial costs.") (additional citations omitted); Protective Nat. Ins. Co. of America v. Commonwealth Ins. Co., 137 F.R.D. 267, 278 (D. Neb. 1989) (the rationale of the 1970 amendment) (citing Cates v. LTV Aerospace Corp., 480 F.2d 620, 623 (5th Cir. 1973)).

"[T]he effectiveness of the Rule bears heavily upon the parties' reciprocal obligations."  Prokosch, 193 F.R.D. at 638.  The party requesting the deposition must "reasonably particularize the subjects of the intended inquiry so as to facilitate the responding party's selection of the most suitable deponent."  Id.; see also Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537, 540 ("[T]he Rule only

operates effectively when the requesting party specifically designates the topics for deposition, and when the producing party produces such number of persons as will satisfy the request.").  Armed with this notice, the responding party "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the interrogator] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the interrogator] as to the relevant subject matters." Prokosch, 193 F.R.D. at 638 (quotation marks and citations omitted); see also All. for Global Justice v. District of Columbia, 437 F. Supp. 2d 32, 37 (D.D.C. 2006) ("By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity.").  "If no current employee has sufficient knowledge to provide the requested information, the party is obligated prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation." Dravo Corp. v. Liberty Mut. Ins. Co., 164 F.R.D. 70, 75 (D. Neb. 1995).

## D.   Work-product Doctrine

The work-product doctrine was first established in Hickman v. Taylor, 329 U.S. 495 (1947).  The court established the rule to prevent "unwarranted inquiries into the files and mental impressions of an attorney." Id. at 510. Rule 26 of the Federal Rules of Civil Procedure codifies the work-product doctrine in federal courts:

**(b)(3) Trial Preparation: Materials.**

(A)  *Documents and Tangible Things*.  Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:

(i) they are otherwise discoverable under Rule 26(b)(1); and

(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

\* \* \* \*

(5)  Claiming Privilege or Protecting Trial-Preparation Materials.

(A)  *Information Withheld.*  When a party withholds information otherwise discoverable by claiming that the information is . . . subject to protection as trial-preparation material, the party must:

(i) expressly make the claim; and

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

See Fed. R. Civ. P. 26(b)(3)(A) & (5)(A).

Work product falls into two categories: "ordinary" and "opinion."  Baker v. General Motors Corp., 209 F.3d 1051, 1054.  Ordinary work product includes raw factual information.  Id.  Opinion work product involves an attorney's "mental impressions, conclusions, opinions or legal theories."  Id.

A party seeking discovery of ordinary work product may overcome the doctrine by showing they have a substantial need for the materials, and they cannot obtain the materials or their substantial equivalent by other means.  Id.

11

Opinion work product, however, enjoys almost total immunity; it can be discovered only in "very rare and extraordinary circumstances" as when the "attorney engaged in illegal conduct or fraud." Id.

The party resisting discovery must show that the materials were prepared in anticipation of litigation. PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817; FED. R. CIV. P. 26(b)(5)(A). Furthermore, that same party must "describe the nature of the documents, communications, or tangible things not produced or disclosed" with sufficient detail to "enable other parties to assess the claim." See FED. R. CIV. P. 26(b)(5)(A)(ii).

### E.   Mr. Hendrickson's Notice of Rule 30(b)(6) Deposition

As an initial matter, RCPE does not dispute the relevancy of Mr. Hendrickson's proposed deposition topics. See Docket No. 20; Docket No. 23-2. It is then RCPE's burden articulate why Mr. Hendrickson should not be entitled to depose RCPE's corporate representative on topics 3, 6, 7, 16, 17, and 18.

#### 1.   Topics 3, 6, and 7

RCPE moves to quash topics 3, 6, and 7:

3.   Identify all facts, witnesses, or documents on which you base your contention in paragraph 3 of Defendant's Defenses and Affirmative Defenses in its Answer that, "Plaintiff's injuries or damages, if any, may be the result of Plaintiff's contributory negligence. This contributory negligence could include, but is not limited to, Plaintiff's failure to perform his job duties in a reasonably prudent manner, failing to exercise reasonable care when performing his work, failing to keep a careful lookout for potential hazards, and/or failing to perform his work in compliance with RCPE's guidance or directives.

6.   Identify all facts, witnesses, or documents on which you base your contention in paragraph 7 of Defendant's Defenses and Affirmative Defenses in its Answer that, "Plaintiff may have failed to mitigate his damages as required by law."

7.   Identify all facts, witnesses, or documents on which you base any contention that Plaintiff has failed to reasonably reduce his economic losses resulting from the incident.

RCPE argues that topics 3, 6, and 7 should not be allowed because the topics are (1) protected by the work-product doctrine and (2) duplicative, unduly burdensome, and expensive to prepare.  Docket No. 20, p. 3; Docket No. 29, p. 2.  RCPE relies on two cases out of the United States District Court District of Nebraska for this proposition.  Id. (citing Atwood v. Union Pac. R.R. Co., 8:21CV364, 2022 WL 17585893 (D. Neb. Dec. 12, 2022); Blackmore v. Union Pac. R.R. Co., 8:21CV318, 2022 WL 3718115 (D. Neb. Aug. 29, 2022)). "As to contention 30(b)(6) topics, the court must consider: '(1) whether the attorney-client privilege or work-product doctrine prevents the witness from answering questions regarding facts supporting the parties' contentions or affirmative defenses, and (2) if not, whether a Rule 30(b)(6) deposition is an overly burdensome method of acquiring this information, or whether less burdensome methods exist.' " Atwood, 2022 WL 17585893, at *8 (quoting Arctic Cat, Inc. v. Bombardier Recreational Products, Inc., 2014 WL 12610146, at *6 (D. Minn. 2014)).

In Atwood, the magistrate judge concluded that the work-product doctrine prohibited the plaintiff from deposing a 30(b)(6) designee on contention topics.  Atwood, 2022 WL 17585893, at *8.  Plaintiff's proposed topic included, "all facts, witnesses, or documents that the railroad will use to

13

prove each of the defenses in its answer." Id.  "When asked to explain all facts supporting a defense or claim, the 30(b)(6) designee's deposition testimony reveals which facts opposing counsel found important, counsel's mental impressions, and counsel's conclusions or opinions about those facts." Id. (quoting Fairview Health Services v. Quest Software Inc., 2021 WL 5087564, at *7 (D. Minn. 2021)).  The court reasoned that "when the 30(b)(6) witness is asked for all facts supporting a defense, he will essentially be parroting the lawyer's trial strategy for presenting evidence in favor of that defense." Id. at *9 (The witness repeats the information gleaned from the counsel in preparation of the deposition).  The court also found that the request by plaintiff was overly broad, unduly burdensome, and duplicative of answered interrogatories submitted by the defendant.  Id.  (citing Fid. Management & Research Co. v. Actuate Corp., 275 F.R.D. 63, 65 (D. Mass. 2011) (noting interrogatories may be the best option to conduct contention discovery rather than by deposition).

Similarly in Blackmore, the same magistrate judge found that plaintiff's requests for "all facts" supporting the railroad's legal defense were protected by the work-product doctrine and unduly burdensome.  Blackmore, 2022 WL 3718115, at *6 (see Fairview Health Services, 2021 WL 5087564, at *7). However, the court found that defendant's interrogatories were not duplicative of previous interrogatory answers.  Id. at *7 (defendants did not assert sufficient facts as to the affirmative defense of contributory negligence).  The court ordered the defendant to supplement its interrogatory answers to address with particularity, facts supporting its affirmative defense.  Id.

14

In another case before the United States District Court of Nebraska that defendant fails to cite, a different magistrate judge concluded that the work-product doctrine does not bar the taking of Rule 30(b)(6) depositions under similar circumstances.  United States v. Stabl Inc., No. 8:16CV233, 2018 WL 3758204, at *5 (D. Neb. Aug. 8, 2018).  The court held, "[a] plaintiff should not be prevented from questioning a live witness in a deposition setting just because the topics proposed are similar to written requests for admissions already served.  Such a result would essentially limit a plaintiff to the first form of discovery served, since topics are bound to overlap." Id.  (quoting New Jersey v. Sprint Corp., No. 03-2071-JWL, 2010 WL 610671, at *2 (D. Kan. Feb. 19, 2010)).

After determining that the availability of written discovery did not absolve the defendant of their obligations under Rule 30(b)(6), the court examined defendant's claim of privilege.  Id. at *7.  "[A] blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a [party] loses a primary means of discovery without a meaningful review of his opponent's claim of privilege."  Id. (quoting S.E.C. v. Merkin, 283 F.R.D. 689, 693-94 (S.D. Fla. 2012).  Another court put it this way:

> Although there exists a somewhat arbitrary line between the protections afforded work product and the absence of protection afforded the facts relied on therein, and to some degree the facts relied on in denying the allegations within a complaint will provide insight into defense strategies, it suffices to say that a party may not refuse to identify non-protected documents or facts because such information is identified in a protected document.

<u>Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.</u>, 218 F.R.D. 29, 34 (D. Conn. 2003).

"It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." <u>Stabl Inc.</u>, 2018 WL 3758204, at *5 (quoting <u>Hawkins v. Cty. of Lincoln</u>, No. 7:10CV5001, 2012 WL 12884563, at *2-3 (D. Neb. Apr. 5, 2012)). Yet, "depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." <u>Id.</u> at *7 (quoting <u>U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.</u>, No. 6:09-CV-1002-ORL-31, 2012 WL 3537070, at *4 (M.D. Fla. Aug. 14, 2012)).

This court must draw that necessary, though seemingly arbitrary line between what topics are permissible and what topics are impermissible.  In this case, RPCE has agreed to be deposed on several topics proposed by Mr. Hendrickson after expert disclosures take place.[1]  Docket No. 22, p. 2 (RPCE agreed to contention topics 4, 8, 11, and 12 for affirmative defenses related to Mr. Hendrickson's alleged injury).  RCPE reserved privilege objections to a limited number of topics.  Topics 3, 6, and 7 of defendant's noticed topics directly implicate work-product privilege.  Topic 3: "Identify all facts, witnesses, or documents *on which you base your contention*" as to the affirmative defense

---

[1] The current scheduling order requires parties to disclose expert discovery by July 19, 2023.  Docket No. 19, p. 2.  That deadline has passed which dispenses of RPCE's argument to quash topics 3, 6, and 7 based on being premature. Docket No. 21, p. 3.

16

of contributory negligence.  Docket No. 23-1, pp. 2-3.  Topic 6: "Identify all facts, witnesses, or documents *on which you base your contention*" as to the affirmative defense of mitigating damages.  Id.  Topic 7:  "Identify all facts, witnesses, or documents *on which you base any contention*" as to the affirmative defense of reducing economic loss.  Id.

Mr. Hendrickson defends this motion relying on inapposite cases from outside the Eighth Circuit.  Docket No. 22, p. 4.  In the cases relied upon by Mr. Hendrickson, the defendants withheld the factual basis as to their claims. Sec. Ins. Co. of Hartford, 218 F.R.D. at 34 (defendant's corporate representative was deposed but refused to answer factual basis questions which had not been answered in written discovery); Taylor, 166 F.R.D. at 358 (the court's narrow opinion addressed the preparation requirement of a 30(b)(6) representative. There was no work-product objection by the defendant).

Mr. Hendrickson argues that RPCE's reliance on similarly situated railroad cases in the Eighth Circuit, out of the United States District Court of Nebraska, goes against "generations of [Taylor] progeny across the federal system."  Docket No. 22, p. 7.  A quick review of the district courts around the nation would dispel plaintiff's assertion that there is any one rule for how the work-product doctrine is applied to 30(b)(6) depositions for good reason.  See Docket No. 29, p. 2.  The federal rules grant courts with discretion to resolve discovery disputes based on the facts of a case.  This discretion results in many different Rule 30(b)(6) outcomes.

RPCE has answered topics 3, 6, and 7 in its supplemental interrogatory answers.  Compare Docket No 53-3, p. 9 ¶ 16 with Docket No. 53-8, p. 9-11 ¶ 16.  RPCE served Mr. Hendrickson with supplemental answers to the first set of interrogatories on June 30, 2023.  Docket No. 53-8, p. 16.  In supplemental answer to Interrogatory #1 (Identify all witnesses who have or may have knowledge regarding the facts alleged), RPCE added three named individuals describing the knowledge they have related to the suit.  Id. at p. 3.  In supplemental answer to Interrogatory #4 (State the substance of all conversations or written communications of any kind with Plaintiff relating to the incident at issue), RPCE added three named individuals.  Id. at p. 5.  In supplemental answer to Interrogatory #16, (State in detail all facts supporting each and every affirmative defense and identify all witnesses and documents that support each affirmative defense), RPCE stated multiple facts with references to Mr. Hendrickson's testimony supporting its affirmative defenses of contributory negligence, preexisting medical condition, failure to mitigate, and failure to reduce economic loss contentions.  Topics 3, 6, and 7 requests the same information as Interrogatory #16.  Id. at pp. 9-10.

RPCE's supplemental answers do not absolve it from being deposed on the factual basis of its claimed affirmative defenses.  This court is convinced by the reasoning in Stahl Inc.  Mr. Hendrickson's contention deposition topics, as framed, infringe on attorney work product—the operative improper language being, "*on which you base your contention.*"  This court comes to this

conclusion independently without regard that Mr. Hendrickson's law firm was also plaintiff's counsel in <u>Atwood</u> and <u>Blackmore</u>.  <u>See</u> Docket 20, p. 3 n.2.

All three topics seek not what the facts are, but how the facts inform legal strategy of developing affirmative defenses.  <u>JPMorgan Chase Bank v. Liberty Mut. Ins. Co.</u>, 209 F.R.D. 361, 362 (S.D.N.Y.2002) (denying plaintiff's 30(b)(6) discovery request for "defendant's mental impressions, conclusions, opinions, and legal theory under the guise of requesting facts.").  "[Plaintiff] clearly cannot inquire into topics or conversations protected by attorney-client or work-product privileges.  This includes, but is not limited to, inquiries into communications [between the corporation and its attorney] . . . any opinions, strategies, mental impressions, or evaluation of their cases regarding the same."  <u>Stabl Inc.</u>, 2018 WL 3758204, at *5.  This opinion work product enjoys almost total immunity.  However, the RPCE corporate representative can and should speak as to the facts known to the business, and the position of the corporation, but not how those facts apply to the affirmative defenses.  <u>See</u> <u>United States v. Taylor</u>, 166 F.R.D. 356, 358 (M.D.N.C.).

RPCE has met the requirements of a protection order as contention topics 3, 6, and 7 are forbidden under the work-product doctrine.  <u>See</u> FED R. CIV. P. 26(c)(A).  Mr. Hendrickson may reframe topics 3, 6, and 7, and limit discovery to the factual basis, witnesses, and documents supporting RPCE's affirmative defenses.

### 2.   Topics 16, 17, and 18

RCPE moves to quash topics 16, 17, and 18:

16.     Identify all facts, witnesses, or documents pertaining to Defendant's process of weather monitoring, reporting, warning, and safety procedures for South Dakota from March 01, 2019 through September 01, 2019.

17.     Identify all considerations made by Defendant or its agent(s) to make a determination that a weather-related warning, slow order, train delay, or inspection of railroad tracks must be provided or conducted and the procedures for implementing such weather-related warning, slow order, train delay, or inspection of railroad tracks.

18.     Identify what considerations were made on August 1, 2019 and August 2, 2019 by Defendant or its agent(s) to determine that no weather related warning, slow order, train delay, or inspection of railroad tracks was needed for mile posts 615 to 630 that are the subject matter of this litigation. Including identification of who made such a determination and all documents, tools, and information utilized in making such a determination.

RCPE argues that topics 16, 17, and 18 should be quashed because the topics are overly broad, duplicative, unduly burdensome, and premature. Docket No. 20, p. 5; Docket No. 29, p. 2.

Unlike topics 3, 6 and 7, topics 16, 17, and 18 are not contention topics. Topics 16, 17, and 18 seek to discover RPCE's processes of monitoring weather conditions, safety procedures, and how those processes were carried out on the dates of the incident.  RPCE argues these topics are overly broad but does not state how they are overly broad.  See Docket No. 20, pp. 5-8.

Once the requesting party has made a threshold showing of relevance, the burden shifts to the party resisting discovery to show specific facts demonstrating that the discovery is not relevant, or how it is overly broad, burdensome, or oppressive.  Penford Corp. v. National Union Fire Ins. Co., 265 F.R.D. 430, 433 (N.D. Iowa 2009); St. Paul Reinsurance Co. v. Commercial

20

Financial Corp., 198 F.R.D. 508, 511 (N.D. Iowa 2000).  The articulation of mere conclusory objections that something is "overly broad, burdensome, or oppressive," is insufficient to carry the resisting party's burden–that party must make a specific showing of reasons *why* the relevant discovery should not be had.  Cincinnati Ins. Co. v. Fine Home Managers, Inc., 2010 WL 2990118, *1 (E.D. Mo. 2010); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

Several courts have determined that where the discovery requests are relevant, the fact that answering them will be burdensome and expensive is not in itself a reason for a court's refusing to order discovery which is otherwise appropriate.  See In re Folding Carton Antitrust Litigation, 83 F.R.D. 260, 265 (N.D. Ill. 1979) (stating that "[b]ecause the interrogatories themselves are relevant, the fact that answers to them will be burdensome and expensive 'is not in itself a reason for refusing to order discovery which is otherwise appropriate' "); Alexander v. Parsons, 75 F.R.D. 536, 539 (W.D. Mich. 1977) (stating that "the mere fact discovery is burdensome . . . is not a sufficient objection to such discovery, providing the information sought is relevant or may lead to the discovery of admissible evidence"); and Burns, 164 F.R.D. at 593 (determining that the fact that answering interrogatories will require the objecting party to expend considerable time, effort, and expense consulting, reviewing, and analyzing huge volumes of documents and information is an insufficient basis for an objection).  Moreover, if discovery requests are relevant, the fact that they involve work, which may be time consuming, is not

sufficient to render them objectionable.  See United States v. Nysco Labs., Inc., 26 F.R.D. 159, 161-62 (E.D.N.Y. 1960)and Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 245 (N.D. W. Va. 1970) (stating that "[i]nterrogatories, otherwise relevant, are not objectionable and oppressive simply on grounds [that] they may cause the answering party work, research and expense").

RCPE has not carried its burden to demonstrate specific facts in support of its claim of undue burden.  This court finds that the topics are appropriately limited to the relevant policies, procedures, and timeframe of the incident.

Despite RPCE stating it supplied sufficiently detailed information in Interrogatories #24-28, 42-44, Mr. Hendrickson should be allowed to explore these topics with the corporate representative.  A 30(b)(6) deposition is a proper discovery method to address topics of policy and procedure in a way that written discovery cannot always accomplish.  And, as addressed above, the topics are not premature.  The expert disclosure deadline has passed, and presumably additional discovery has taken place since the filing of this motion. Finally, RPCE has not demonstrated that it will  experience undue burden. RPCE has agreed to the 30(b)(6) deposition on multiple other topics, making preparing its representative on weather-related policy and procedure an appropriate addition.  Accordingly, RPCE must respond to 30(b)(6) topics 16, 17, and 18.

### 3.    Attorney's Fees

If the court grants a motion for a protective order, the court must "require the party or deponent whose conduct necessitated the motion, the

party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees." <u>See</u> FED. R. CIV. P. 37(a)(5)(A).  However, the court must not make such an award if the "opposing party's nondisclosure, response, or objection was substantially justified." <u>See</u> FED. R. CIV. P. 37(a)(5)(A)(ii).  The court finds that many of Mr. Hendrickson's objections RPCE's motion for a protective order were substantially justified, as reflected in the court's opinion.  Accordingly, the court declines to award RPCE with its reasonable attorney's fees and costs incurred in filing the instant motion.

## CONCLUSION

Based on the foregoing, the court hereby

ORDERS that RPCE's motion for a protective order and motion to quash [Docket 19] is granted in part and denied in part in accordance with the above opinion.  The 30(b)(6) Notice of Deposition dated April 3, 2023, is quashed.  <u>See</u> Docket No. 23-1.  Plaintiff may serve RPCE with another notice of deposition pursuant to FED. R. CIV. P. 30(b)(6) modified in accordance with this opinion and RPCE shall respond to that notice accordingly.

DATED this 24th day of August, 2023.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

23